Shaw, C. J.
This is an action of indebitatus assumpsit upon a promissory note, made by the defendant to the plaintiff or his order, and payable at either of the banks in Portland, Maine.
In the court of common pleas, no evidence was adduced of any demand upon the defendant at any bank, nor did the de *322 fendant offer to prove that he was ever present at any bank with the money to pay the note ; but the defendant objected that such a demand must, in the first instance, be proved. The court overruled the objection, and a verdict having been rendered for the plaintiff, the case comes before us upon exceptions to such ruling of the court.
Upon the question whether, in a suit upon a promissory note against the promisor, or upon a draft,- against the acceptor, a demand must be proved, there have been conflicting decisions in England; the court of king’s bench deciding one way and the court of common pleas, or the exchequer, the other.
An act was finally passed to decide the question.
It was early held here, in Ruggles v. Patten, 8 Mass. 480, that a demand was not necessary. It has been so held in other states, and in the supreme court of the United States, Wallace v. McConnell, 13 Peters, 136. Mr. Justice Story, in his work on promissory notes and bills of exchange, says he dissented from the opinion of the court in that case, but there is no note of his dissent preserved in the report.
The essence of the liability of the promisor is, his indebtment to the holder of the note. The note is considered as an admission of debt, and that debt is not discharged merely by the omission to demand payment of it.
The want of a demand has its effect with regard to parties collaterally liable, like a drawer or indorser. To charge them, the holder must present his note to the acceptor, or maker, when it is due, and give them notice if it is not paid. . It is sufficient for this purpose, where the note or draft is payable at a bank, that it be presented there, and that the banker finds, upon examining his books, that he has no funds to pay it.
But it is contended that the presence of the promisor at the bank, with his money, is in the nature of a tender. This may be so, and the tender may be good, if proved, but if the defendant means to rely on it, he must either plead it or give due notice otherwise of such intention. If he pleads it, and that he has always been ready, and proves it, it may bar the *323 costs, but, as in all cases of tender, he must also bring the money into court. This view is substantially confirmed by the case of Payson v. Whitcomb, 15 Pick. 462. This would be the case if the note were payable at a place certain. But this is payable at any bank in Portland. We do not know how many banks there may be in that city, but the expression “ either of the banks in Portland ” indicates more than one.
Such a promise may impose a duty on the holder, under certain circumstances, to designate át what bank the note shall be paid ; but it will be sufficient to decide that question when it shall arise.
The exception is overruled, and judgment will be entered on the verdict; and, as the exceptions appear to us to be only intended for delay, the plaintiff is entitled to double costs.

Exceptions overruled.